UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEREK RUNION and FLORIDA CAPITAL
ASSETS, LLC,

       Plaintiffs,

v.                                      Case No.   2:20-cv-718-JLB-MRM

PAUL BERNARD, IBEX ENERGY INC.,
and JOHN BIALLAS,

       Defendants.

_____

## ORDER

Before the Court is Plaintiffs Derek Runion and Florida Capital Assets,

LLC's ("Florida Capital") Amended Complaint.   (Doc. 37.)   Defendants Paul

Bernard, Ibex Energy, Inc. ("Ibex"), and John Biallas argue that the Amended

Complaint is a shotgun pleading and ask this Court to dismiss the Amended

Complaint with prejudice.   (Doc. 39.)   Although the Court agrees that the

Amended Complaint is a shotgun pleading, it dismisses the Amended Complaint

without prejudice.   Accordingly, Defendants' motion to dismiss (Doc. 39) is

**GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

## BACKGROUND[1]

The operative pleading consists of over 200 paragraphs and asserts eight

claims under Florida law, mostly sounding in fraud.   (Doc. 37.)   A section titled

_____

[1] At this stage, "all well-pleaded facts are accepted as true, and the
reasonable inferences therefrom are construed in the light most favorable to the

"Facts Common to All Counts" sets forth 147 paragraphs ostensibly relevant to each Count of the Amended Complaint.   (Id. ¶¶ 12–159.)

The essential facts are as follows.   In early 2019, Defendants—and other individuals not named in this lawsuit—formed a conspiracy around the buying and selling of jet fuel with the goal of defrauding prospective investors.   (Id. ¶ 30–31.) Mr. Runion fell victim to this scheme when, on December 4, 2019, Mr. Bernard and his co-conspirators called him and offered a deal.   (Id. ¶ 50.)

Mr. Bernard explained that he had contracted with a Russian petrochemical company to buy and resell two million barrels of jet fuel.   (Id. ¶¶ 32, 58.)   The only problem was that he needed $200,000 for transportation and storage costs so he could offload the jet fuel in Texas.   (Id. ¶ 61.)   His company, Ibex, would handle the transaction, and Mr. Biallas, a licensed attorney, would act as an escrow agent overseeing the funds through a trust account.   (Id. ¶¶ 52–57.)   Mr. Bernard and Mr. Biallas provided fraudulent documents and phony assurances, convincing Mr. Runion this was a legitimate business opportunity.   (Id. ¶¶ 86, 98.)   The pitch worked.   Ibex and Florida Capital (Mr. Bernard and Mr. Runion's respective companies) executed a Proceeds Sharing Agreement ("PSA") that same day.   (Doc. 37-1, Ex. C.)   Under the PSA, Florida Capital was to receive either $300,000 or $400,000 (i.e., its initial $200,000 investment plus profit) depending on the

---

plaintiff."   Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).

timeframe in which Ibex sold the jet fuel.   (Id. at 8, 10.)   Needless to say, after he wired Mr. Biallas the $200,000, Mr. Runion did not receive any such payment.

As a result, Plaintiffs sue for: (a) Breach of Contract against Mr. Biallas and Ibex (Count I) (Doc. 37 at 16); (b) Civil Theft against all Defendants (Count II) (id. at 17); (c) Conversion against all Defendants (Count III) (id. at 18); (d) Civil Conspiracy for Fraud against all Defendants (Count IV) (id. at 20); (e) Aiding and Abetting Fraud against all Defendants (Count V) (id. at 22); (f) Unjust Enrichment against all Defendants (Count VI) (id. at 23); (g) Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") against all Defendants (Count VII) (id. at 24); and (h) finally, to Pierce the Corporate Veil of Ibex Energy, Inc. against Ibex (Count XIII [sic]) (id. at 25).[2]

## DISCUSSION

Generally speaking, a shotgun pleading is: (1) a "complaint containing multiple counts where each count adopts the allegations of all proceeding counts"; (2) one "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) one that does not separate "each cause of action or claim for relief" into a different count; or (4) one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."   Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d

---

[2] The eighth and final claim is titled "Count XIII," (Doc. 37 at 25) even though immediately prior is "Count VII" (id. at 24.)   To avoid confusion, and for consistency, the Court will refer to this claim as: "Count XIII [sic]."

1313, 1321–23 (11th Cir. 2015).   "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them on the grounds upon which each claim rests."   Id. at 1323.[3]

        The Complaint here is a hybrid of the second and fourth type of shotgun pleading.   It is "rife with immaterial factual allegations . . . [and] irrelevant details."   Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021).   Plaintiffs maintain that "[a]dmittedly, the complaint [sic] lays out significant background information, but in doing so, only articulates the factual basis to present clear and concise causes of action."   (Doc. 42 at 4.)   If only the pleading's length were at issue, the Court would agree.   But the main problem is that each Count "indiscriminately incorporates and repeats [147] numbered paragraphs of factual allegations . . . [with minimal] effort to connect or separate which of those [147] factual allegations relate to a particular count."   Barmapov, 986 F.3d at 1325.   And the Amended Complaint, as pleaded, contains a plethora of material inconsistencies and typographical errors.   Neither Defendants nor the Court should be expected to piece together which fact supports which claim.   Even in the Counts where Plaintiffs attempt to summarize the facts, it is almost impossible to unpack the relevant allegations here.   (See, e.g., Doc. 37 ¶¶ 180(a)–(f).)

---

[3] Plaintiffs deny that the Amended Complaint is a shotgun pleading.   (Doc. 42.)   Even so, they consent to the dismissal without prejudice of their Civil Theft claim (Count II) against Mr. Biallas.   (Id. ¶ 12.)   They also consent to the dismissal of their Conversion (Count III) and FDUPTA (Count VII) claims.   (Id. ¶¶ 13, 17.)

By way of illustration, one need only look at Plaintiffs' breach-of-contract claim in Count I. Count I's heading asserts it is against Defendants Biallas and Ibex only. (Doc. 37 at 16.) But the supporting allegations provide that Mr. Bernard individually entered into and breached the PSA. (Id. ¶¶ 161, 168.)[4] The Amended Complaint also fluctuates between using the singular "Defendant" when referring to multiple parties and seeks judgment against "Defendant's [sic]." (Id. ¶¶ 166, 169.)[5] It also fails to sufficiently distinguish Mr. Runion from Florida Capital, instead slipping between the singular "Plaintiff/the Plaintiff" and the plural "Plaintiffs." (Id. ¶¶ 188–189.)

This running theme makes it almost impossible for the Court to reach the merits of the Amended Complaint or Defendants' motion to dismiss. For example, Count VI is for unjust enrichment against all Defendants. (Doc. 37 at 23.) But as Defendants correctly note (Doc. 39 ¶ 21), such claims are "precluded by the existence of an express contract between the parties concerning the same subject matter." Diamond "S" Dev. Corp. v. Mercantile Bank, 989 So. 2d 696, 697 (Fla. 1st DCA 2008). And despite Plaintiffs' assertion that their lengthy factual recitation presents "clear and concise causes of action," (Doc. 42 at 4), those facts allege that Mr. Runion (not Florida Capital) and all Defendants entered into an express written

---

[4] A review of the PSA which Plaintiffs attach to the Amended Complaint shows that Mr. Bernard signed the PSA as Ibex's president, not in his individual capacity. (Doc. 37-1, Ex. C at 11.)

[5] Confusing matters even more, Plaintiffs' response asserts that the "Cause [sic] states it is against John Biallas and IBEX Energy, Inc. This is clearly stated." (Doc. 40 ¶ 10.) Not so. Count I states that "Defendant's [sic] Bernard and Biallas are liable in damages . . ." (Doc. 37 ¶ 169 (emphasis added).)

contract (the PSA) concerning the subject matter of Plaintiffs' claim.   (Doc. 37 ¶

161.)[6]   Similarly, in their attempt to pierce Ibex's corporate form (Count XIII [sic]),

Plaintiffs seek to hold not just its president (Mr. Bernard) liable for the

corporation's deeds, but the "wherefore" clause of Count XIII [sic] seeks judgment

against all Defendants—including Mr. Biallas.[7]   As best the Court can tell,

Plaintiffs have set forth no facts showing why this is appropriate in light of their

allegation that Mr. Bernard was Ibex's "sole shareholder."   (Doc. 37 ¶ 198.)

## CONCLUSION

"[D]isposing of [] otherwise viable claims because a plaintiff's lawyer pled too

many facts may seem like strong medicine . . . ."   Barmapov, 986 F.3d at 1327

(Tjoflat, J., concurring) (emphasis in original).   But it is not without good reason.

"[D]istrict courts have neither the manpower nor the time to sift through a morass

of irrelevant facts in order to piece together claims for plaintiff's counsel."   Id. at

1327–28.   As illustrated above, that is precisely the situation the Court finds itself

facing with Plaintiffs' Amended Complaint.   But even though Plaintiffs have

already amended their pleading once, the Court does not agree with Defendants

---

[6] The PSA itself creates even more confusion when juxtaposed against these facts as it shows only Ibex and Florida Capital—and potentially Mr. Biallas—are parties to the contract.   Simply put, the Court can neither make heads nor tails of Plaintiffs' unjust enrichment claim.   It seems implausible that both Plaintiffs can state a viable unjust enrichment claim against every Defendant.

[7] "Piercing the corporate veil is not itself an independent [] cause of action," Peacock v. Thomas, 516 U.S. 349, 354 (1996), but a theory to impose liability on individuals for the debts and actions of a corporation, see Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 631 (2009).   Technicalities aside, Count XIII [sic] lumps all Defendants together without factually distinguishing their conduct (particularly Mr. Biallas).

that a dismissal with prejudice is appropriate.   Instead, the Court will allow Plaintiffs **one final opportunity** to set forth their facts and claims in a clear, concise, and cogent manner.   The Court will therefore reserve ruling on the remainder of Defendants' arguments in their motion to dismiss and reconsider them, if appropriate, should Defendants raise them against a future complaint.

Accordingly, it is **ORDERED**:

1.  Defendant's motion to dismiss (Doc. 39) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

2.  Plaintiffs' Amended Complaint (Doc. 37) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

3.  Plaintiffs must file a Second Amended Complaint that complies with this Order **on or before May 11, 2021**.

4.  Defendants' motion to dismiss (Doc. 39) is **DENIED WITHOUT PREJUDICE** to the extent it seeks any greater or different relief than this Order grants.

**ORDERED** at Fort Myers, Florida, on April 27, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE