UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEREK RUNION and FLORIDA CAPITAL
ASSETS, LLC,

    Plaintiffs,

v.                                          Case No. 2:20-cv-718-JLB-MRM

PAUL BERNARD, IBEX ENERGY, INC.,
and JOHN BIALLAS,

    Defendants.
_____/

# **ORDER**

Defendants Paul Bernard, Ibex Energy, Inc., and John Biallas move to dismiss (Doc. 45) the second amended complaint (Doc. 44) filed by Plaintiffs Derek Runion and Florida Capital Assets, LLC. Plaintiffs' response was due no later than June 9, 2021; no response and no request for extension have been filed.

The Court has been here before. Defendants also moved to dismiss Plaintiffs' previous complaint as a shotgun pleading (Docs. 37, 39), and Plaintiffs did not timely respond. Only after the Court ordered Plaintiffs to show cause why the motion should not be granted as unopposed (Doc. 41) did Plaintiffs file a belated response (Doc. 42). The Court ultimately decided to dismiss the complaint without prejudice as a shotgun pleading and give Plaintiffs leave to amend. (Doc. 43.)

Plaintiffs filed their operative complaint on May 11, 2021, and Defendants again moved to dismiss it as a shotgun pleading. (Docs. 44–45.) Plaintiffs have, once again, failed to timely respond. The Court is now within its rights to treat the

motion as unopposed.  See M.D. Fla. R. 3.01(c).  But "even an unopposed motion does not automatically entitle the movant to relief.  The district court still must assess the merits of the motion and determine whether relief is warranted under the applicable rules." Marques v. JP Morgan Chase, N.A., 805 F. App'x 668, 671 (11th Cir. 2020).  In this case, the applicable rules are Federal Rules of Civil Procedure 8(a)(2) and 10(b), violations of which are colloquially referred to as "shotgun pleadings." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).  The Court previously dismissed Plaintiffs' complaint as a shotgun pleading because it was replete with immaterial facts and asserted multiple claims against multiple defendants without specifying who was liable for what.  (Doc. 43 at 4.)  The operative complaint has fixed some of these issues in the sense that Plaintiffs now specify that every count is against every Defendant and there are fewer counts and factual allegations in general.

But problems remain.  For instance, it is still unclear which Plaintiff is bringing which claim.  There are two Plaintiffs in this case, but many allegations refer to a singular Plaintiff.  (Doc. 44 at ¶¶ 7, 9–10, 37, 79, 81, 83, 89–90, 92–95, 97–98, 100–03, 106, 111–13, 115–16, 119, 121–23, 126); see also Houser v. Allstate Ins. Co., No. 2:20-cv-01661-ACA, 2020 WL 7352572, at *3 (N.D. Ala. Dec. 15, 2020) (describing a shotgun pleading that "discusses both plaintiffs as if they were one person, without differentiating between them").  Counts IV and V are respectively for "fraud in the inducement" and "fraud," but the first paragraph of Count IV reads, "This is a cause of action for civil conspiracy." (Doc. 44 at ¶ 104.)  The Court

cannot determine whether these counts are duplicative or whether Count IV is intended to be a distinct conspiracy claim.  Cf. Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1211 (11th Cir. 1999) (describing a shotgun pleading that "include[d] three counts alleging fraud that are apparently duplicative").  And there are several non-parties named in the complaint without much explanation of their involvement or their relationship to Defendants.  (Doc. 44 at ¶¶ 11–12, 18–19, 23–25, 29); cf. Hirsch v. Ensurety Ventures, LLC, 805 F. App'x 987, 990 (11th Cir. 2020) (describing a shotgun pleading that did not describe "which Defendants or non-parties are responsible for which actions").

Overall, the complaint still bears the features of a shotgun pleading, and the Court will therefore grant Defendants' motion to dismiss as a shotgun pleading.  The only remaining question is how the case should be dismissed.  Defendants believe that the case should be dismissed with prejudice.  (Doc. 45 at 16.)  And given that the Court has previously given Plaintiffs a chance to amend, a dismissal with prejudice lies within the realm of possibility.  See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.").  The Court agrees that there is no reason to allow Plaintiffs another chance to replead in this case but does not believe a dismissal with prejudice—which would have preclusive effect as a final judgment on the merits—is necessary.  See Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d

3

1498, 1501 (11th Cir. 1990) ("The phrases 'with prejudice' and 'on the merits' are synonymous terms, both of which invoke the doctrine of claim preclusion.").

Accordingly, it is **ORDERED:**

1. Defendants' unopposed motion to dismiss (Doc. 45) the second amended complaint as a shotgun pleading is **GRANTED IN PART**.

2. The second amended complaint is **DISMISSED without prejudice and without leave to amend** in this case number. Should Plaintiffs choose to maintain their claims against Defendants, **they must open a new case**.

3. The Clerk is **DIRECTED** to close this case.

**ORDERED** in Fort Myers, Florida June 21, 2021

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE