UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEREK RUNION and FLORIDA
CAPITAL ASSETS, LLC,

    Plaintiffs,

v.                                        Case No.:  2:20-cv-718-JLB-KCD

PAUL BERNARD, IBEX ENERGY
INC., and JOHN BIALLAS,

    Defendants.
_____/

## ORDER

Well past its two-year anniversary, this contract dispute based on diversity jurisdiction was on the brink of conclusion. Having dismissed the second amended complaint as a shotgun pleading, all that remained to decide was the amount of attorney's fees to be awarded to Defendants. (Doc. 56.) But as a Court of limited jurisdiction, obligated to inquire sua sponte whether it has subject-matter jurisdiction, the Court needs more information to determine whether the parties are completely diverse before proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).[1]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

For diversity jurisdiction to apply, a plaintiff must allege facts supporting "complete diversity; every plaintiff must be diverse from every defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). If there is any deficiency in subject-matter jurisdiction, the court is constitutionally obligated to dismiss the action. *Id.* at 1269. The party seeking federal jurisdiction must prove, by a preponderance of the evidence, facts supporting jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Plaintiffs do not adequately allege the citizenship of any party—even their own.

On the Plaintiffs' side, the complaint alleges that Derek Runion resides in Florida "upon information and belief," and that Capital Assets, LLC is a Florida LLC with its principal place of business in Cape Coral, Florida. But citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not residence. *McCormick*, 293 F.3d at 1257. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. Allegations made "upon information and belief" are insufficient. Citizenship cannot be supposed, "nor supplanted by considerations of convenience and efficiency." *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261, 1273 (11th Cir. 2000) ("Jurisdiction cannot be established by a

hypothetical.") Further, the citizenship of a limited liability company, for diversity jurisdiction, is the citizenship of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiffs do not identify Capital Assets, LLC's members, nor their citizenship.

The same residency problem is on the Defendants' side. Plaintiffs allege that John Biallas is a resident of Illinois, and Paul Bernard is a resident of California. Further, Plaintiffs allege that Ibex Energy, Inc. is a corporation with its principal place of business in California. For purposes of diversity, corporations are "citizens of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, the record does not identify Ibex Energy's state of incorporation.

With jurisdiction unsettled, the Court need not vacate the closure, but will permit the filing of evidence to cure the pleading defects. *See Trivalgio*, 735 F.3d at 1269 ("Yet we need not vacate a decision on the merits if the evidence submitted during the course of the proceedings cures any jurisdictional pleading deficiency by convincing us of the parties' citizenship."). "[W]e consistently have required some evidence to assure us jurisdiction exists before we will ignore defective jurisdictional allegations that the plaintiff does not amend." *Id*.

Finally, the parties should be mindful that diversity jurisdiction is determined at the time the complaint was filed, not as it stands now. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

Accordingly, it is **ORDERED**

1. By **October 24, 2022**, the parties must submit a joint filing to supplement the record with evidence of the parties' citizenship.

2. Defendants' Motion to Determine Amount of Fees and Costs (Doc. 56) is **taken under advisement** pending the submission.

**ENTERED** in Fort Myers, Florida on October 4, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record