UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEREK RUNION and FLORIDA
CAPITAL ASSETS, LLC,

    Plaintiffs,

v.                                        Case No.:  2:20-cv-718-JLB-KCD

PAUL BERNARD, IBEX ENERGY
INC. and JOHN BIALLAS,

    Defendants.
_____/

# **ORDER**

Before the Court is Defendants Paul Bernard, Ibex Energy, Inc., and John Biallas's (collectively "Defendants") Motion for Leave to File Under Seal. (Doc. 69.) For the reason below, their motion is denied.

## I. Background

Plaintiffs Derek Runion and Florida Capital Assets, LLC (collectively "Plaintiffs") filed this suit alleging a host of state-law claims, mostly sounding in fraud. (Doc. 1.) After several motions to dismiss, Plaintiffs abandoned their claims and the case was closed. (Doc. 46.) Defendants then moved to collect their attorney fees, which the Court awarded after finding they were the prevailing parties. (Doc. 67.)

Defendants are now trying to collect on the fee judgment. They have already filed a writ of garnishment against a Wells Fargo bank account. (Doc. 70.) There is apparently another writ of garnishment, which is the document Defendants would like to file under seal. (Doc. 69.) According to Defendants, if Plaintiffs have advance notice of this new garnishment, they may move funds from the target account. (*Id.* at 1.)

## II. Legal Standard

Federal Rule of Civil Procedure 64 provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of [a] judgment." Fed. R. Civ. P. 64(a). Unless governed by a specific federal statute, the procedure for execution on a money judgment must accord with the procedure of the state where the court is located. Pertinent here, Florida law provides that any person or entity who has obtained a judgment has a right to a writ of garnishment. Fla. Stat. § 77.01.

When asking to file a motion under seal in a civil action, as Defendants seek, Local Rule 1.11 governs. It creates a presumption against sealing "absent a compelling justification." Local Rule 1.11(a). This is "[b]ecause constitutional law and common law afford the public a qualified right of access to" court records. *Id.* To further this balance, Local Rule 1.11 has several procedural requirements. When filing under seal is authorized by a legal authority, the

2

motion to seal "must cite the statute, rule, or order authorizing the seal." Local Rule 1.11(b). If there is no existing statute, rule, or order that authorizes the sealing, the motion must "describe the item proposed for sealing"; "state the reason . . . sealing the item is necessary"; and propose "a duration of the seal." Local Rule 1.11(c)(2)-(4).

Substantively speaking, the common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). When using the *Romero* balancing test, courts typically consider: whether allowing access would impair court functions or harm legit privacy interests; the degree and likelihood of injury if made public; the reliability of the information; and whether there will be an opportunity to respond to the information. Generally speaking, sealing a document is warranted if necessary to keep the information confidential, or if the document is not related to public concern. *Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2 (M.D. Fla. June, 29, 2012).

### III. Discussion

As mentioned, for Defendants to succeed on their motion to file under seal, they must present a "compelling justification" that outweighs the public's

right to access. *See* Local Rule 1.11. Considered under this standard, the Court finds Defendants have not met their burden.

For starters, Defendants' motion is procedurally deficient. Instead of identifying the information required under Local Rule 1.11, Defendants offer only a few conclusory paragraphs. Among other problems, there is no proposed duration of the seal or explanation of what authority underlies Defendants' request. The items listed in Local Rule 1.11 are not merely suggestions—they are requirements.

Defendants' motion also falls short on the merits. The potential injury Defendants present is that public notice of the writ of garnishment may cause Plaintiffs to remove funds from the target bank account. (Doc. 69 at 1). This, in turn, will leave the judgment outstanding. But there is nothing to suggest that Plaintiffs will engage in such behavior if they receive notice. Defendants do not claim that their prior collection efforts (which include a writ of garnishment filed on the public docket) have been thwarted. Thus, by all accounts, Defendants' claimed harm is speculative. What is more, Defendants have alternative remedies available if Plaintiffs move funds—they can bring a fraudulent transfer claim.

Overall, there seems to be no discernable privacy interest that needs to be protected, the degree of injury would not be great as there is an alternate remedy available, and there is nothing to suggest Plaintiffs will remove funds

4

from the account Defendants seek to garnish. Thus, the Court finds that sealing the proposed writ of garnishment is not warranted and Defendants' motion is **DENIED**.

**ORDERED** in Fort Myers, Florida on June 1, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record